**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

MARK A. SPAULDING, II,

        Plaintiff,

v.                                   CIVIL ACTION NO.   3:21-0339

FEDEX GROUND PACKAGE SYSTEM, INC.,
d/b/a FEDEX GROUND,
GARY DAVIS, INC., and
KENNETH BROWN,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Mark A. Spaulding, II's Motion to Strike Dr. Platto and Kelby Taniguchi as Untimely Identified Expert Witnesses. ECF No. 38. For the reasons herein, Plaintiff's Motion is **GRANTED**.

**I. FACTUAL BACKGROUND**

On August 3, 2021, this Court entered a scheduling order, which established a deadline of January 4, 2022, for expert witness disclosures for the party bearing the burden of proof. ECF No. 15. Pursuant to this order, expert witness disclosures for the party not bearing the burden of proof were due by February 4, 2022, and rebuttal expert disclosures were due by February 18, 2022. *Id.*[1]

---

[1] Also on January 4, 2022, the day set by the Court for the initial disclosures, both parties entered a stipulation to extend time for disclosing liability experts.[1] ECF No. 27. It provided that the party bearing the burden of proof was to identify experts for liability purposes by January 14, 2022. Expert witness disclosures for parties not bearing the burden of proof were due by February 14, 2022. The deadline for rebuttal expert disclosures was not discussed in the stipulation. However, the issues here involve only experts testifying as to damages as that is the only issue left for trial.

Plaintiff, who bears the burden of proof on the allegations in his complaint, submitted his first Rule 26(a)(2) Expert Testimony Disclosures on January 4, 2022, and served Defendants on that same day. ECF No. 26; Ex. A, ECF No. 42-1. In the disclosures, Plaintiff identified multiple damages experts, including Dr. Soulsby, an orthopedic surgeon, and Dr. Bowman, a physiatrist and certified life care planner. *Id*. Dr. Soulsby is expected to testify regarding Plaintiff's injuries and resulting medical conditions, and specifically, his need for future orthopedic treatment; his report was included in the disclosures. *See* Ex. A. at 1-2. Dr. Bowman's opinions and life care plan documenting all future medical and support services (and costs) were included in his disclosed report. *Id*. at 2-3.

Defendants timely filed their disclosure on February 4, 2022.[2] In it, they stated that they intended to use Dr. Charles Burke, an orthopedic surgeon, to offer expert testimony as to Plaintiff's injuries and resulting conditions, the reasonableness of treatment, and his need for future orthopedic treatment. *See* Ex. B at 1-2, ECF No. 38-2. Defendants stated that "Dr. Burke is also expected to offer rebuttal testimony in response to the expert opinions and testimony of Plaintiff's orthopedic expert." *Id*. at 2. The disclosure also named Dr. Anthony Ripepi, a laparoscopic surgeon, to "offer expert opinions and testimony regarding [Plaintiff's] life expectancy…" and to "offer rebuttal testimony in response to the expert opinions and testimony of Plaintiff's orthopedic expert regarding [Plaintiff's] life expectancy." *Id*.

Plaintiff timely filed and served his rebuttal disclosures on February 18, 2022, and identified Dr. Bowman's rebuttal opinions as to the life expectancy issue raised by Dr. Ripepi and included his report on the same. *See* Pl.'s Mem. in Supp. at 2, ECF No. 3; Ex. C, ECF No. 38-3. However, as Plaintiff notes, the report was limited, as no defense expert had opposed his opinions

---

[2] Defendants have not filed a certificate of service as to these disclosures, as it does not appear on the docket. However, Plaintiff attached a copy of the document and does not dispute timeliness. *See* Ex. B, ECF No. 38-2.

as to future medical treatment. *See* Pl.'s Mem. in Supp. at 2. That same day, Defendants filed and

served a Supplemental Rule 26(a)(2) Disclosure, identifying two new experts to oppose Dr.

Bowman's opinions and life care plan, Dr. Michael Platto, a medical doctor, and Kelby Taniguchi,

a physical therapist and life care planner. *See* ECF No. 36; Ex. D., ECF No. 38-4.

Plaintiff then filed this Motion to Strike Dr. Platto and Kelby Taniguchi as Untimely

Identified Expert Witnesses. ECF No. 38. Defendants filed their response on March 7, 2022. ECF

No. 42. Plaintiff filed his reply on March 14, 2022. The Motion is ripe and ready for resolution.

## II. LEGAL STANDARD

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides:

> [i]f a party fails to provide information or identify a witness as required by 26(a) or (e), the
> party is not allowed to use that information or witness to supply evidence on a motion, at a
> hearing, or at a trial, unless the failure was substantially justified or harmless. In addition to
> or instead of this sanction, the court of motion and after giving an opportunity to be heard
> [may impose other appropriate sanctions].

While a district court has broad discretion when it comes to determining whether evidence should

be excluded under Rule 37(c)(1), the Fourth Circuit has adopted a five-factor test to determine

whether nondisclosure was "substantially justified or harmless:"

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of
> that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt
> the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation
> for its failure to disclose the evidence.

*S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

## III. DISCUSSION

Parties primarily dispute whether Defendants' experts are "rebuttal experts." Pl.'s Mem. in

Supp. at 3; Defs.' Resp. at 2-3, ECF No. 42. If Dr. Platto and Ms. Taniguchi are rebuttal experts,

they were timely disclosed pursuant to the scheduling order. If not, then they may be struck pursuant to Rule 37(c).

Plaintiff argues that the scheduling order is clearly structured such that the disclosure of experts by parties on which the party does not bear the burden of proof serves as "responsive documents" to the initial expert disclosure. Pl.'s Reply at 2, ECF No. 43 (citing *Conner v. Associated Radiologists, Inc.*, No. 2:19-CV-00329, 2021 WL 535409 (S.D.W. Va. Feb. 12, 2021). Because Plaintiff bore the burden of proof in establishing damages, Defendants were required to make any responsive disclosures by February 4, 2022. While Plaintiff was entitled to then designate rebuttal witnesses to these disclosures (so that each party has at least one chance of rebuttal), Defendants were not, because their responsive disclosures are effectively their rebuttal opportunity. *Id.* at 2-3.

Defendants now claim that Dr. Burke's and Dr. Ripepi's opinions did not "directly respond to or rebut any of Plaintiff's expert's opinions." *Id.* at 2. Instead, Dr. Platto and Ms. Taniguchi are rebuttal experts, "disclosed for the express purpose of contradicting and/or rebutting the opinions" of Plaintiff's experts. Defs.' Resp. at 3. But this representation is disingenuous, given that in their timely disclosure on February 4, 2022, Defendants stated that Dr. Burke's and Dr. Ripepi's opinions were offered as responses and rebuttals to Plaintiff's experts. Ex. B at 2, ECF No. 38-2.

Plaintiff's interpretation of the scheduling order is correct. The scheduling order reads, where relevant:

> *The party bearing the burden of proof* on an issue shall make the disclosures of information required by Fed. R. Civ. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than January 4, 2022. *The party not bearing the burden of proof* on an issue shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than February 4, 2022. All parties shall provide the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under Fed. R. Civ. P. 26(a)(2)(B), no later than February 18, 2022.

Scheduling Order at 1-2 (emphasis added). Defendants, who did not bear the burden of proof as to damages, were thus required to make their disclosures by February 4, 2022. And their understanding of this mandate is supported by their timely filing of a disclosure with responsive expert opinions. The "all parties" language of the scheduling order does not mean that any party was permitted to offer new experts up until the rebuttal deadline; it simply acknowledges that the party who bears the burden of proof on issues can differ, thus the rebuttal deadline applies to the party who has not filed a responsive pleading, to give them one last opportunity for rebuttal prior to the final expert disclosure deadline. If Defendants did not understand this, they had the benefit of a Southern District of West Virginia decision holding the same under almost identical circumstances. *See e.g.*, *Conner*, 2021 WL 535409. Thus, the disclosure of Dr. Platto and Ms. Taniguchi was untimely and subject to the balancing test articulated by the Fourth Circuit.

As in *Conner*, "by waiting until the absolute last minute to file their "supplemental" expert disclosure, Defendants violated the spirit of the Court's scheduling order. *Id*. at *3. "In effect, by not disclosing their witness until this late hour, Plaintiff had no expert to rebut: But once the disclosure was made, Plaintiff could not rebut the expert as time had expired." *Id*. Also, Defendants would have a second chance to counter Plaintiffs' experts. This results in surprise to Plaintiff, which weighs against allowing the witnesses to testify.

The second and third factors also weigh against inclusion. Ability to cure, at most, is limited. "[T]he ability to simply cross-examine an expert concerning a new opinion at trial is not the ability to cure[.]" *S. States Rack & Fixture, Inc.*, 318 F.3d at 598 (internal quotation omitted). Here, however, unlike in *Conner*, where the defendants served no disclosures until the rebuttal deadline, Defendants have served initial disclosures with challenges that are substantially, though not entirely, similar. Further, unlike in *Conner*, Defendants included the corresponding reports and

curriculum vitae of the supplemental experts. Additionally, Defendants note that they do not object to extending the deadline for Plaintiff to serve rebuttal experts and reports in response to Defendants' disclosures. *See* Ex. E, ECF No. 42-5. But even though Plaintiff may have an opportunity to examine the reports and develop counter-testimony through his own experts, being forced to do so after the close of discovery is an unexpected hardship that interferes with trial preparation. If these experts are allowed to testify, the Court would essentially be giving Defendant what amounts to two sets of experts to challenge Plaintiff's experts. The trial is scheduled in four months, but discovery has closed, and the last deposition has now taken place. To cure, Plaintiff will very likely need additional time to offer rebuttal reports, which would require reopening discovery and additional untimely depositions, delaying trial.

The importance of the testimony squarely weighs in favor of exclusion. "This factor must be viewed from the perspective of both parties." *Id*. Because parties have stipulated to liability in this matter, it remains a case of damages only. Defendants characterize their experts' testimony as "imperative" to their position on damages and not duplicative of previous testimony. Defs.' Resp. at 12. But "if the expert's testimony is important to the [nonmoving party's] case in the eyes of the jury, then it was even more important to the [moving party] that the evidence be disclosed in a timely manner." *See Brock v. Cabot Oil & Gas Corp.*, No. 2:17-CV-02331, 2018 WL 850094, at *2 (S.D.W. Va. Feb. 13, 2018). On balance then, the four factors weigh in favor of exclusion.

As to the last factor, which primarily speaks to whether the failure was substantially justified, Defendants' explanation is, as in *Conner*, that they did not fail to timely disclose. This is incorrect. Thus, this Court will not find that Defendants were substantially justified. Because Defendants have not shown either that their failure to timely disclose was harmless or substantially

justified, Defendants cannot use either Dr. Platto or Ms. Taniguchi as expert witnesses pursuant to

Rule 37(c).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike (ECF No. 38) is **GRANTED.**

Defendants' disclosure of Dr. Platto and Ms. Taniguchi as expert witnesses is hereby **STRICKEN**

from the docket in this matter, and Defendants shall not use either witness as an expert or his report

to supply evidence on a motion, at a hearing, or at trial pursuant to Rule 37(c) of the Federal Rules

of Civil Procedure.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any

unrepresented parties.

ENTER:        April 4, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE